UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SIMEON L. TEAGUE | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-558-RLM |
| | ) | (Arising from 3:02-CR-82(01)RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

Simeon L. Teague was sentenced on March 19, 2003 to a term of 120 months for possession with intent to distribute five grams of more of crack cocaine and 84 months for unlawful transport of a firearm by a felon, with the terms of sentence to be served concurrently. Mr. Teague didn't appeal his conviction or sentence. Now before the court is Mr. Teague's habeas petition filed pursuant to 28 U.S.C. § 2255 seeking to either vacate or correct his sentence. He contends that his plea of guilty was unlawfully induced and that during plea negotiations, the government agreed not to object to Mr. Teague getting into the drug program and getting a reduction in time if he successfully completed the program. Mr. Teague attaches a 2007 case from the Eastern District of Kentucky in support of his petition.

The one-year limitations period applicable to § 2255 motions bars Mr. Teague's petition. The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Teague hasn't made any showing that §§ 2255 (f)(2)-(4) apply and the one-year limitations period from the date his conviction became final, § 2255(f)(1), has expired. *See* United States v. Olson, Nos. IP 02-164, 1:05-CV-1683, 2006 WL 1494108, at *1 (S.D. Ind. May 24, 2006) (noting that the conviction becomes final the last day on which the defendant could have appealed); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed criminal judgment becomes final for purpose of calculating the limit for filing collateral attack when time for filing a direct appeal expired-10 business days after entry of judgment) (*citing* FED. R. APP. P. 4(b) and 26(a)(2)). Mr. Teague has neither demonstrated that his claims are timely under any of the statutory options, nor argued that some other factor justifies equitable tolling of the limitations period. *See* Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004).

Because there is no legal ground to excuse him from the one-year limitation period, Mr. Teague can't proceed on the merits of his § 2255 petition. It is therefore DENIED [doc. # 31 in Cause No. 3:02-CR-82].

SO ORDERED.

Entered: __December 1, 2009_____

                                          ____/s/ Robert L. Miller, Jr.____
                                          Chief Judge
                                          United States District Court

cc:   S. Teague
       D. Schmid